# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1997

———————

John Clevenger,                      *
                                   *

       Plaintiff-Appellant,      *

                                   *   Appeal from the United States
       v.                       *   District Court for the
                                   *   Western District of Missouri.
R. E. Gartner, T. P. McGrail,     *
Tricia Ryan, Dora Schriro,       *
George A. Lombardi, Ronald Schmitz,  *
Rita Swartz, Steven Ochae,       *
Dale R. Riley,                 *
                                   *

       Defendants-Appellees.   *

———————

Submitted: September 14, 2004
Filed: December 27, 2004

———————

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and FAGG, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Appellant-plaintiff John Clevenger appeals from the district court's adverse grant of summary judgment in his pro se civil rights action under 42 U.S.C. § 1983. Appellees collected a sample of Clevenger's deoxyribonucleic acid (DNA) for use in a DNA profiling system pursuant to Missouri's "DNA Profiling System" statute. For reversal, Clevenger argues the Missouri DNA profiling statute is unconstitutional under the Fourth Amendment, and also contends that under the statute his conviction

does not require a DNA sample.  We do not reach the constitutional issue presented by Clevenger, because the Missouri statute did not authorize the taking of Clevenger's blood.  Although we determine that the Missouri statute did not authorize the taking of Clevenger's blood for DNA purposes, we do not reverse and remand this case, because the equitable and injunctive relief that Clevenger seeks is no longer available to him.  This court has been advised that the statute in question has been amended, and the DNA collection statute now includes all felons.  Any claim based on a statutory violation is dismissed without prejudice.  We affirm the dismissal of personal claims against the state employees on immunity grounds.

## I.     Background

In June 2000, Clevenger pleaded guilty to attempted murder in the first degree. The district court sentenced Clevenger to twelve years imprisonment.  In July 2000, while imprisoned at the Western Regional Diagnostic Correctional Center (Correctional Center), two individuals, Missouri state highway patrol lab technician Tricia Ryan and correctional officer Steven Ochae, collected a sample of Clevenger's DNA for use in a DNA profiling system pursuant to Missouri's "DNA Profiling System" statute.  The Missouri statute limits collecting DNA samples to those convicted of violent offenses. Clevenger testified he told Ryan that a 1999 memorandum sent by Ron Schmitz, a Correctional Center official, indicates his conviction did not fall within the list of crimes requiring a DNA sample.  Ryan verified Clevenger's name on the list she received from the Department of Corrections, which indicates the inmates who fall within the purview of the DNA statute.  Ryan then verified Clevenger's offense by comparing the offense on the list with the offense code on the Missouri Uniform Law Enforcement System (System). Clevenger's offense code on the System showed his offense as "10021991 Murder 1st Degree," and the Department of Corrections list indicated Clevenger's offense as "murder first degree."   After confirming that Clevenger's offense, as listed on the System and on the Department of Corrections list, subjected him to DNA sampling,

Ryan took Clevenger's blood sample. Clevenger admitted Ryan touched him only to collect Clevenger's blood (and DNA sample) and never used physical force.

Clevenger claimed he should not have been subject to the DNA profiling law, because his conviction is not a violent crime. Clevenger sued the two individuals who collected the sample, alleging they violated his civil rights when they withdrew his blood, battered his finger, and refused to allow him to consult with his attorney. Clevenger also named other State Highway Patrol and Department of Corrections officials, alleging they refused to remove his DNA sample and related records from his file. Clevenger also claimed various constitutional violations, including a violation of his Fourth Amendment right against unreasonable search and seizure. Clevenger requested damages and removal of his DNA information from all records.

Appellees moved for summary judgment, arguing in part that section 650.055.2 afforded immunity to those who collect DNA samples and they were entitled to qualified immunity. Appellees noted section 650.055 did not identify attempted murder as a "violent offense," however they argued attempted murder should be deemed a violent offense as it includes substantial steps to carry out murder.

The district court granted summary judgment, concluding Clevenger had not shown Ryan's and Ochae's actions violated his constitutional rights and the two had statutory immunity, because the Department of Corrections list showed Clevenger's conviction as first-degree murder. The district court also determined Clevenger did not provide evidence that Ryan collecting his blood (and DNA) was anything other than standard medical procedure, and Clevenger conceded Ryan used no physical force. The district court also noted that while Eighth Circuit and Missouri courts had not addressed the issue, "other courts" held constitutional "the practice of DNA sampling of offenders convicted of attempted murder." The district court concluded that appellees' actions were reasonable and dismissed the case with prejudice.

## II.    Discussion

This court reviews the grant of summary judgment de novo and affirms if the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003).

The district court's constitutional conclusions regarding the statute itself need not be addressed.  Pursuant to the familiar rubric that courts do not unnecessarily decide constitutional issues, we must initially resolve the statutory question before reaching and deciding the constitutional issues.  Does Clevenger's conviction fall within the statutory definition of a "violent offense," such that it subjects Clevenger to the DNA profiling statute?  After careful review of the record and applicable statutes, we conclude that because the statute does not list Clevenger's conviction as a "violent offense," the lab technician and correctional officer improperly collected a sample of Clevenger's DNA for use in the DNA profiling system.  Accordingly, we need not address the constitutionality of the statute.  We affirm the district court's grant of summary judgment insofar as it dismisses Clevenger's § 1983 claims against all appellees (state employees) in their personal capacities, because appellees did not violate a clearly established law.

The Missouri statute, titled "DNA Profiling System," provides that persons convicted of a "violent offense under chapter 565 . . . shall have a blood or scientifically accepted biological sample collected for purposes of DNA profiling analysis."  Mo. Rev. Stat. § 650.055 (2000 & Supp. 2003).  Chapter 565 does not include Clevenger's conviction (attempted murder in the first degree). The exclusion of Clevenger's conviction from chapter 565 clearly requires the conclusion that Clevenger's conviction is not a "violent offense" for purposes of the DNA profiling statute.

Notwithstanding the clear statutory conclusion that Clevenger's conviction is not a "violent offense" for purposes of the DNA profiling statute, appellees argue attempted murder should be deemed a violent offense as it includes substantial steps to carry out murder. However, according to a September 2000 entry on Clevenger's face sheet, appellees had noted that attempted murder in the first degree is not a "dangerous felony." In addition, appellees had classified Clevenger as a nonviolent offender pursuant to Mo. Rev. Stat. § 217.010(11) (2000 & Supp. 2003). The appellees (state employees) argue that classifying Clevenger's conviction as not a "dangerous felony" and classifying Clevenger as a "nonviolent offender" were terms of art specific to the face sheet and had no bearing on whether Clevenger was convicted of a violent offense for purposes of the DNA statute. Appellees' argument fails when combining their own classification of Clevenger and his conviction with the "DNA Profiling System" statute's exclusion of Clevenger's conviction from the list of violent offenses requiring a DNA sample for purposes of profiling analysis.

Because the statute does not include Clevenger's conviction among the list of "violent offenses" for purposes of the DNA profiling statute, and because appellees' own classification of Clevenger's conviction as not a "dangerous felony" and of Clevenger as a "nonviolent offender," we determine that the Missouri statute did not authorize the taking of Clevenger's blood. We need not, however, reverse and remand this case to the district court because the statute in question has been amended, and the DNA collection statute now includes all felons. Thus, no equitable or injunctive relief would be appropriate for Clevenger in light of the new statute which now authorizes the taking of a DNA sample from all felons, and Clevenger is a felon. See Mo. Rev. Stat. § 650.055 (2000 & Supp. 2003), amended by 2004 Mo. Legis. Serv. S.B. 1000 (West).

Finally, without addressing the merits of Clevenger's claim regarding the constitutionality of Missouri's DNA profiling statute, we affirm the district court's grant of summary judgment insofar as it dismisses Clevenger's § 1983 claims against

-5-

all appellees in their personal capacities.  Qualified immunity shields public officials from civil liability and suit

> unless (1) their conduct violated a constitutional right of the plaintiff-prisoner that was clearly established prior to the time of the alleged acts of the prison officials; (2) they knew or should have known of the clearly established right at the time of the violation; and (3) they knew or should have known that their conduct violated that right.

Brown v. Frey, 889 F.2d 159, 165 (8th Cir. 1989).  Here all of the appellees' actions were taken in good faith as officials and their actions did not violate any clearly established law.

## III.    Conclusion

Accordingly, without reaching the constitutionality of Missouri's DNA profiling statute, we dismiss the damage claims against the appellees with prejudice and dismiss any claims for injunctive relief without prejudice.  We affirm the district court's grant of summary judgment insofar as it dismisses Clevenger's § 1983 claims against all appellees in their personal capacities.

_____