**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GREGORY MICHAEL ZIMMERMAN,
        *Defendant-Appellant.*

No. 06-50506

D.C. No.
CR-06-00096-FMC-
02

OPINION

Appeal from the United States District Court
for the Central District of California
Florence Marie Cooper, District Judge, Presiding

Argued and Submitted
August 7, 2007—Pasadena, California

Filed December 18, 2007

Before: Alex Kozinski, Chief Judge, Johnnie B. Rawlinson,
Circuit Judge, and Harold Baer, Jr.,* Senior District Judge.

Per Curiam Opinion

---

*The Honorable Harold Baer, Jr., Senior United States District Judge for the Southern District of New York, sitting by designation.

16473

## COUNSEL

Gail Ivens, Deputy Federal Public Defender; Sean K. Kennedy, Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Beong-Soo Kim, Assistant United States Attorney; George S. Cardona, Acting United States Attorney; Thomas P. O'Brien, Assistant United States Attorney; Lorna Li, Special Assistant United States Attorney; Andrea L. Russi, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

We consider whether compelling a criminal defendant to give a blood sample for DNA testing could violate his rights under the Religious Freedom Restoration Act (RFRA).

## Facts

Zimmerman pled guilty to knowingly possessing equipment to make false identification documents. *See* 18 U.S.C. § 1028(a)(5). He was sentenced to three years probation and compelled to provide a DNA sample pursuant to the Justice for All Act of 2004 (2004 DNA Act). *See* 42 U.S.C. § 14135a. Zimmerman objected to giving a DNA sample, relying on RFRA, and on the First, Fourth and Fifth Amendments. The district court rejected all of Zimmerman's objections and held that Zimmerman's DNA could be extracted through a blood sample. Zimmerman appeals and we have jurisdiction under 28 U.S.C. § 1291.

## Analysis

**[1] 1.** Zimmerman argues that extraction of a blood sample would violate rights guaranteed to him by RFRA and the First Amendment's Free Exercise Clause because his religious beliefs prevent him from "giv[ing] blood" or "provid[ing] any other biological fluid." Under RFRA, the federal government cannot "substantially burden a person's exercise of religion," 42 U.S.C. § 2000bb-1(a), unless the government uses the "least restrictive means" to further a "compelling governmental interest," *id.* § 2000bb-1(b).

**[2]** Defendant may only invoke RFRA if his beliefs are both "sincerely held" and "rooted in religious belief, not in 'purely secular' philosophical concerns." *Callahan* v. *Woods*, 658 F.2d 679, 683 (9th Cir. 1981). To prevail under RFRA,

defendant must first (1) articulate the scope of his beliefs, (2) show that his beliefs are religious, (3) prove that his beliefs are sincerely held and (4) establish that the exercise of his sincerely held religious beliefs is substantially burdened. If defendant successfully demonstrates all this, the government must then prove that the burden on defendant's exercise of religion is nonetheless permissible because (1) it furthers a compelling governmental interest (2) through the least restrictive means.

[3] Without determining the precise scope of Zimmerman's beliefs, the district court held that his beliefs weren't religious. The district court noted that Zimmerman was raised Roman Catholic and explained that it's not "central to the religious doctrine of the Roman Catholic faith that one cannot have blood drawn;" it therefore concluded that Zimmerman's beliefs weren't religious. This was error. Zimmerman doesn't have to show that his beliefs are central to a mainstream religion. RFRA defines "religious exercise" as "any exercise of religion, *whether or not compelled by, or central to*, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A) (emphasis added). Moreover, a belief can be religious even if it's not "acceptable, logical, consistent, or comprehensible to others." *Thomas* v. *Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981). Nor is an individual limited to the religious doctrines of his upbringing; religious beliefs may evolve or change based upon life experiences or personal revelations.

[4] Zimmerman professes the belief that he can't provide a blood sample because the "human body is a temple," and "only God, our Creator, can call for my blood to spill." He bases this belief on his Catholic upbringing, his time spent studying other religions such as Buddhism and a passage from the Bible. *See* Genesis 9:6 ("Whosoever sheds the blood of man, by man shall his blood be shed; for in the image of God has God made man."). While this may not be a mainstream religious belief or common interpretation of the Bible, Zimmerman's belief that he can't give a blood sample is based on

his connection with God, not purely on secular philosophical concerns. *See Callahan*, 658 F.2d at 683. As a result, the district court erred in holding that Zimmerman's refusal to give a blood sample wasn't based on a religious belief.

**[5]** We remand for the district court to reconsider Zimmerman's RFRA claim. First, the district court must determine the precise scope of Zimmerman's beliefs. While Zimmerman's beliefs clearly prohibit blood samples, it's unclear whether providing a tissue sample, hair sample or a cheek swab would also violate his beliefs. Zimmerman's counsel at oral argument suggested some of these may not, but Zimmerman's declaration refers to "tissue"—in addition to "body fluids" and "blood"—as "sacred."

Second, the district court must consider whether Zimmerman's beliefs are religious. We hold that his belief that he can't give a blood sample is religious. However, if Zimmerman's beliefs are broader and would also prevent him from giving any other sample suitable for DNA analysis, the district court will have to determine whether these additional beliefs are also religiously based.

Third, the district court will need to determine whether Zimmerman's religious beliefs are sincerely held, which is a question of fact. *See United States* v. *Seeger*, 380 U.S. 163, 185 (1965). We have reservations as to whether his beliefs are sincerely held, and the district court didn't make any findings on this issue. The government argues that Zimmerman's beliefs aren't sincere because of his previous drug use and tattoos, but it is possible that his beliefs have changed over time. The district court should hear directly from Zimmerman, as his credibility and demeanor will bear heavily on whether his beliefs are sincerely held.

Fourth, if the district court determines that Zimmerman's beliefs are religious and sincere, it must then ask whether his exercise of religion will be substantially burdened by giving

up a DNA sample. If Zimmerman's religion prohibits him from giving blood, extracting DNA through a blood sample would probably be a substantial burden, as it would "put[ ] substantial pressure on [him] to modify his behavior and to violate his beliefs." *Thomas*, 450 U.S. at 718. The district court will also have to apply the substantial burden standard to any other beliefs Zimmerman may hold. It may well be that some methods of obtaining a DNA sample intrude less on Zimmerman's sincerely held religious beliefs than do others. If so, the district court must determine which method for extracting DNA intrudes the least upon Zimmerman's beliefs.

If Zimmerman can show that the exercise of his sincerely held religious beliefs is substantially burdened by all available means of extracting a DNA sample, the district court must next ask whether requiring Zimmerman to give up such a sample is nonetheless permissible as the least restrictive means of furthering a compelling governmental interest. The government will have to demonstrate "that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened." *Gonzales* v. *O Centro Espirita Beneficente*, 126 S. Ct. 1211, 1220 (2006) (quoting 42 U.S.C. § 2000bb-1(b)). Additionally, the government will be required to show that it is using the least restrictive means to obtain Zimmerman's DNA, consistent with Zimmerman's sincerely held religious beliefs. *See generally United States* v. *Holmes*, No. 2:02-CR-0349-DFL, 2007 WL 529830, at *3 (E.D. Cal. Feb. 20, 2007). In the end, however, the district court may have to determine whether the least restrictive means of obtaining a DNA sample is justified in light of the government's compelling interest, even if it still violates Zimmerman's sincerely held religious beliefs. If the district court determines that the government has satisfied its heavy burden, it may order extraction of a DNA sample, using the least restrictive means, even though doing so would violate Zimmerman's sincerely held religious beliefs.

**[6] 2.** Zimmerman's Fourth Amendment arguments are foreclosed by *United States* v. *Kriesel*, No. 06-30110, slip op. at 15299 (9th Cir. Nov. 29, 2007). We previously rejected a Fourth Amendment challenge to the DNA Analysis Backlog Elimination Act of 2000 (2000 DNA Act) in *United States* v. *Kincade*, 379 F.3d 813 (9th Cir. 2004) (en banc). Zimmerman tries to distinguish *Kincade* because our case deals with the *2004* DNA Act. The 2000 DNA Act was limited to those who had committed "qualifying federal offenses," most of which were violent crimes. *Kincade*, 379 F.3d at 816-17 n.1 (plurality opinion). The 2004 DNA Act applies to many more offenders, including some nonviolent offenders. *See* 42 U.S.C. § 14135a(d)(1). However, *Kriesel* addressed this precise argument, slip op. at 15303, and rejected a Fourth Amendment challenge to the 2004 DNA Act by a criminal defendant who had not finished serving supervised release, *id.* at 15314, 15316-17. Zimmerman has not finished serving supervised release, so *Kriesel* requires us to reject his Fourth Amendment arguments.

**[7] 3.** The 2004 DNA Act also doesn't violate Zimmerman's Fifth Amendment rights. The extraction of DNA doesn't implicate the privilege against self-incrimination because DNA samples are "physical" evidence, not "testimonial" evidence. *United States* v. *Reynard*, 473 F.3d 1008, 1021 (9th Cir. 2007) (citing *Schmerber* v. *California*, 384 U.S. 757, 765 (1966)). Also, even a compelled blood draw doesn't "shock[ ] the conscience," *Rochin* v. *California*, 342 U.S. 165, 172 (1952), so as to violate the Due Process Clause: "[T]he intrusion occasioned by a blood test is not significant, since such 'tests are a commonplace in these days of periodic physical examinations.' " *Skinner* v. *Ry. Labor Executives' Ass'n*, 489 U.S. 602, 625 (1989) (quoting *Schmerber*, 384 U.S. at 771). Lesser intrusions obviously do not violate due process.

**[8] 4.** *Reynard* held that Congress didn't exceed its Commerce Clause power in enacting the 2000 DNA Act, 473 F.3d

at 1023-24, and we are bound by *Reynard*'s reasoning. *See Miller* v. *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

\*     \*     \*

The district court erred in holding that Zimmerman's belief that he can't give blood isn't religious. We therefore remand for the district court to reconsider Zimmerman's RFRA claim. The district court must first determine the scope of Zimmerman's beliefs; then it must ask whether his beliefs are religious, whether his beliefs are sincerely held and whether the compelled DNA sample substantially burdens his exercise of religion. If Zimmerman can show that the exercise of his sincerely held religious beliefs is substantially burdened by any kind of DNA extraction, the government must establish that it proposes to use the least restrictive means to further a compelling governmental interest.

**VACATED and REMANDED.**