**Jack R. KOCH, Plaintiff—Appellant,**

v.

**Bill LOCKYER, Attorney General; et al., Defendants—Appellees.**

No. 06–56220.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed July 15, 2009.

Jack R. Koch, Daniel Joseph Lenerz, Latham & Watkins, LLP, San Diego, CA, for Plaintiff–Appellant.

Stephen Alexander Aronis, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: W. FLETCHER, CLIFTON and M. SMITH, Circuit Judges.

## MEMORANDUM [*]

Plaintiff–Appellant Jack R. Koch seeks damages and injunctive relief under 42 U.S.C. § 1983 for actions taken against him while he was incarcerated by the State of California. He appeals the district court's grant of Appellees' motion to dismiss and summary judgment motion. We review de novo a Rule 12(b)(6) dismissal. *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 558 (9th Cir.1995). Additionally, we review de novo the district court's grant of summary judgment. Fed.R.Civ.P. 56; *Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 896 (9th Cir.2008).

Koch alleges that California state officials (Appellees) violated his constitutional rights—including his Fourth Amendment right to be free of unreasonable searches and seizures—when they forcibly collected his DNA without a warrant, without any suspicion that he had committed additional crimes, and in excess of their statutory authority under California Penal Code § 296. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

## 1. Statutory Authority for Koch's Compulsory DNA Collection

Appellees argue that Koch was convicted under California Penal Code § 243, which is a qualifying offense under § 296. Although Appellees made this argument for the first time in their Supplemental Answering Brief, we consider the argument because it meets the requirements of *United States v. Patrin,* 575 F.2d 708, 712 (9th Cir.1978): (1) the issue is purely legal because it does not involve a dispute of fact and (2) its consideration does not affect the record. *See id.*

Not all crimes of felony battery under § 242 also involve punishment under, or otherwise implicate, § 243. *See, e.g., People v. Butler,* 2007 WL 603356, at *1 (Cal. Ct.App. Feb.28, 2007) (unpublished dispo-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sition) (noting that "[d]efendant was charged with one count of battery in violation of section 242" and that the "information included a special 'hate crime' allegation that defendant also violated section 422.7," but not mentioning charge or conviction under § 243). Here, Koch was convicted of violating § 242, and his applicable punishment derived from California Penal Code §§ 18 and 422.7, not from § 243. Moreover, none of Koch's conviction documents mention § 243. Therefore, Koch's offense was not "under" § 243. As a result, because none of Koch's offenses of conviction were qualifying offenses under § 296, Appellees lacked state statutory authorization to seize Koch's DNA.

### 2. Fourth Amendment Violation

■ Prisoners have diminished privacy rights, and as such, limited freedom against searches and seizures of their body, including the collection of their DNA. *Cf. United States v. Kriesel,* 508 F.3d 941, 947 (9th Cir.2007). However, even the limited security right Koch had against forcible extraction of his DNA outweighs the government's interest in obtaining his DNA, since the state legislature had not expressed such an interest at the time his DNA was collected. *Cf. United States v. Kincade,* 379 F.3d 813, 839 & n. 39 (9th Cir.2004) (en banc) (upholding compulsory DNA collection from certain federal violent criminal offenders in absence of individualized suspicion that they had committed additional crimes, where the legislature expressed a legitimate governmental interest in that DNA collection and "the evenhandedness of [the] statute contribute[d] to its reasonableness" (quoting *Rise v. Oregon,* 59 F.3d 1556, 1561 (9th Cir. 1995))).

In this case, given the absence of individualized suspicion, probable cause, a legislative act endorsing this type of DNA collection, or "special needs" to justify that collection, Appellees' forcible collection of Koch's DNA was unreasonable. *Cf. United States v. Knights,* 534 U.S. 112, 118, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (holding that "the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests" (quoting *Wyoming v. Houghton,* 526 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999))). Therefore, Appellees violated Koch's Fourth Amendment rights by forcibly taking his DNA under these circumstances.

### 3. Qualified Immunity

While the compulsory DNA collection violated Koch's Fourth Amendment rights, Appellees are entitled to qualified immunity against damages. Given the complexity and novelty of the issues presented here—particularly the effect of § 296 and *Virginia v. Moore,* 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008), on Koch's Fourth Amendment rights—reasonable officials could not have understood that their actions violated Koch's constitutional rights. *See Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 818–23, 172 L.Ed.2d 565 (2009) (modifying *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)); *see also Moore,* 128 S.Ct. at 1606 (holding that heightened state law protections against search and seizure do not alter federal constitutional search and seizure analysis).

### 4. Other Claims

■ Koch also argues that his rights under the Fifth, Fourteenth, and Eighth Amendments were violated. Koch's Fifth and Fourteenth Amendment claims are due process claims that essentially mimic

those raised in his Fourth Amendment claim discussed above. Those claims were correctly dismissed because they are properly analyzed and disposed of within the more specific Fourth Amendment context. *See Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against [certain] . . . physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). Even if we were to analyze Koch's claim under a Fourteenth Amendment substantive due process framework, the claim would fail, as Koch has not shown that the DNA collection "imposes atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." *See Wilkinson v. Austin,* 545 U.S. 209, 222–23, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Koch's Eighth Amendment claim also fails because has submitted no evidence that prison officials acted "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

### 5. Mootness of Request for Injunctive Relief

█ Koch's request for an injunction is not rendered moot by California Proposition 69 (2004), *see* Cal.Penal Code § 295(b)(2) (allowing DNA collection from felons, including those convicted under § 242) because we cannot determine with certainty whether Koch's DNA would have been collected during the period that, as a felony parolee, he was statutorily eligible for such a collection. Therefore, even though Proposition 69 will likely cover situations like Koch's in the future, Appellees have failed to show that the injunctive relief Koch seeks is moot. *See Adarand Constrs., Inc. v. Slater,* 528 U.S. 216, 224, 120 S.Ct. 722, 145 L.Ed.2d 650 (2000) (per curiam); *see also United States v. Larson,* 302 F.3d 1016, 1020 (9th Cir.2002) (holding that finding of mootness is justified "only if it w[as] absolutely clear that the litigant no longer had any need of the judicial protection that it sought").

### 6. Remedy

█ Because Appellees collected Koch's DNA in violation of his Fourth Amendment rights, we order the Attorney General and the California Department of Corrections and Rehabilitation to permanently relinquish or destroy any data or information relating to or derived from Koch's DNA taken from him on August 21, 2003, and that is in the possession or control of the Attorney General's office, the California Department of Corrections and Rehabilitation, or any other state agency or entity. Within thirty days of this Order, the Attorney General or his designee shall file an affidavit with this court attesting to and describing his compliance with this Order.

**AFFIRMED** in part, **REVERSED** in part.

CLIFTON, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that the individual defendants are entitled to qualified immunity and that the other claims raised by plaintiff Jack Koch were properly dismissed, but I strongly disagree with the conclusions that the collection of Koch's DNA violated the Fourth Amendment and that Koch is entitled to destruction of the DNA information.

DNA evidence provides a powerful tool for both incrimination and exoneration,

helping the state both to identify the guilty and to clear the innocent. It appears to be far more accurate than eyewitness testimony and fingerprint or other forensic identification evidence. The state's interest in facilitating the use of DNA evidence, including by expanding the collection and inventory of DNA records from Koch and other convicted felons, is obvious.

The limited privacy intrusion under the circumstances coupled with the substantial state interest in encouraging DNA identification should lead to a conclusion that the Fourth Amendment was not violated. *See United States v. Kincade,* 379 F.3d 813, 837 (9th Cir.2004) (en banc) ("[T]he DNA profile derived from the defendant's blood sample establishes only a record of the defendant's identity—otherwise personal information in which the qualified offender can claim no right of privacy once lawfully convicted of a qualifying offense (*indeed, once lawfully arrested and booked into state custody* )." (emphasis added)); *see also United States v. Zimmerman,* 514 F.3d 851, 855 (9th Cir.2007) ("The intrusion occasioned by a blood test is not significant, since such tests are a commonplace in these days of periodic physical examinations." (internal quotation marks omitted)).

It is particularly odd for the majority to hold that, because the state statute did not at the time in question authorize the collection of DNA from someone convicted of Koch's particular felony, the Fourth Amendment was violated. Defining the reach of the U.S. Constitution is a task rarely delegated to a state legislature. *Cf. Virginia v. Moore,* 553 U.S. 164, 128 S.Ct. 1598, 1605–06, 170 L.Ed.2d 559 (2008). If defendants violated a state statute when they collected Koch's DNA, then perhaps Koch has a state cause of action. That does not make a transgression of state law a violation of the Fourth Amendment or give Koch a cause of action under Section 1983.

It is even less sensible to disregard the state's subsequent action to amend the statute to cover Koch's felony. Cal.Penal Code §§ 296(a), 296.1 (effective Nov. 3, 2004). Because he was still on parole when the statute was amended, the majority appears to concede that Koch was properly subject to having his DNA collected during at least some period of time while he was still serving his sentence as a convicted felon. To speculate that Koch might have evaded the actual collection of his DNA during that time period is, in effect, to reward a parolee's potential recalcitrance. Ordering the destruction of the DNA records because of the possibility that his recalcitrance might have been successful, based on action by the state that would not be any sort of constitutional or statutory violation today, serves no useful purpose. *See Clevenger v. Gartner,* 392 F.3d 977, 980–81 (8th Cir.2004) (holding in analogous circumstances that "[n]o equitable or injunctive relief would be appropriate for [defendant] in light of the new statute which now authorizes the taking of a DNA sample from all felons, and [defendant] is a felon"); *accord Mayfield v. Dalton,* 109 F.3d 1423, 1425–26 (9th Cir.1997) (deeming a challenge to the military DNA analysis program moot in part because the program had undergone substantial changes since plaintiffs were subject to it).

I respectfully dissent from those portions of the majority's disposition.