CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I agree with my colleagues that the individual defendants are entitled to qualified immunity and that the other claims raised by plaintiff Jack Koch were properly dismissed, but I strongly disagree with the conclusions that the collection of Koch’s DNA violated the Fourth Amendment and that Koch is entitled to destruction of the DNA information.
DNA evidence provides a powerful tool for both incrimination and exoneration, *376 helping the state both to identify the guilty and to clear the innocent. It appears to be far more accurate than eyewitness testimony and fingerprint or other forensic identification evidence. The state’s interest in facilitating the use of DNA evidence, including by expanding the collection and inventory of DNA records from Koch and other convicted felons, is obvious.
The limited privacy intrusion under the circumstances coupled with the substantial state interest in encouraging DNA identification should lead to a conclusion that the Fourth Amendment was not violated. See United States v. Kincade, 379 F.3d 813, 837 (9th Cir.2004) (en banc) (“[T]he DNA profile derived from the defendant’s blood sample establishes only a record of the defendant’s identity — otherwise personal information in which the qualified offender can claim no right of privacy once lawfully convicted of a qualifying offense (indeed, once lawfully arrested and booked into state custody).” (emphasis added)); see also United States v. Zimmerman, 514 F.3d 851, 855 (9th Cir.2007) (“The intrusion occasioned by a blood test is not significant, since such tests are a commonplace in these days of periodic physical examinations.” (internal quotation marks omitted)).
It is particularly odd for the majority to hold that, because the state statute did not at the time in question authorize the collection of DNA from someone convicted of Koch’s particular felony, the Fourth Amendment was violated. Defining the reach of the U.S. Constitution is a task rarely delegated to a state legislature. Cf. Virginia v. Moore, 553 U.S. 164, 128 S.Ct. 1598, 1605-06, 170 L.Ed.2d 559 (2008). If defendants violated a state statute when they collected Koch’s DNA, then perhaps Koch has a state cause of action. That does not make a transgression of state law a violation of the Fourth Amendment or give Koch a cause of action under Section 1983.
It is even less sensible to disregard the state’s subsequent action to amend the statute to cover Koch’s felony. Cal.Penal Code §§ 296(a), 296.1 (effective Nov. 3, 2004). Because he was still on parole when the statute was amended, the majority appears to concede that Koch was properly subject to having his DNA collected during at least some period of time while he was still serving his sentence as a convicted felon. To speculate that Koch might have evaded the actual collection of his DNA during that time period is, in effect, to reward a parolee’s potential recalcitrance. Ordering the destruction of the DNA records because of the possibility that his recalcitrance might have been successful, based on action by the state that would not be any sort of constitutional or statutory violation today, serves no useful purpose. See Clevenger v. Gartner, 392 F.3d 977, 980-81 (8th Cir.2004) (holding in analogous circumstances that “[n]o equitable or injunctive relief would be appropriate for [defendant] in light of the new statute which now authorizes the taking of a DNA sample from all felons, and [defendant] is a felon”); accord Mayfield v. Dalton, 109 F.3d 1423, 1425-26 (9th Cir.1997) (deeming a challenge to the military DNA analysis program moot in part because the program had undergone substantial changes since plaintiffs were subject to it).
I respectfully dissent from those portions of the majority’s disposition.