**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHICO MARTINES,

Defendant - Appellant.

No. 13-10305

D.C. No. 1:11-cr-00952-DAE-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 12, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Defendant Chico Martines appeals his conviction and sentence for

conspiracy to manufacture marijuana or to possess marijuana with intent to

distribute. He assigns error to the district court's instructions on his religious-use

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

defense and to the language of the indictment. He also challenges the sufficiency of the evidence supporting his conviction. We affirm.

Because Martines did not object to the jury instruction before the district court, we apply plain-error review. *United States v. Wilkes*, 662 F.3d 524, 544 (9th Cir. 2011). "Reversal on the basis of plain error is an exceptional remedy and an improper jury instruction rarely justifies reversal of a conviction for plain error." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1228 (9th Cir. 2006). The district court's instruction on Martines' religious-use defense did not constitute plain error. Even assuming the district court erred by failing to instruct the jury that religious use could be a defense to the charge of conspiracy to manufacture marijuana for personal use, Martines cannot show that the error affected the outcome of the proceedings. *See Wilkes*, 662 F.3d at 544. There was ample evidence to support his conviction, and substantial reason to doubt the sincerity of his Rastafarian beliefs. *See infra*.

We also review the indictment for plain error, since Martines challenges it for the first time on appeal. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004). Martines correctly points out that, while the indictment charged him in the conjunctive ("conspir[acy] to manufacture . . . and to possess with intent to distribute"), the statute under which he was charged employs the disjunctive. *See*

2

21 U.S.C. § 841(a)(1) (making it unlawful "to manufacture, distribute, or dispense, *or* possess with intent to manufacture, distribute, or dispense, a controlled substance" (emphasis added)). While the indictment is not a model of clarity, it is well established in this circuit that "a jury may convict on a finding of any of the elements of a disjunctively defined offense, despite the grand jury's choice of conjunctive language in the indictment." *United States v. Bettencourt*, 614 F.2d 214, 219 (9th Cir. 1980); *see also United States v. Booth*, 309 F.3d 566, 571–73 (9th Cir. 2002). We therefore decline to reverse the conviction on this basis.

Finally, sufficient evidence supports Martines' conviction. Martines' co-conspirator Shane Oyama testified at trial to the existence of an oral agreement to manufacture marijuana. The Religious Freedom Restoration Act ("RFRA") may supply a defense against a charge of conspiracy to manufacture marijuana for personal use. *See United States v. Zimmerman*, 514 F.3d 851, 853 (9th Cir. 2007); *United States v. Bauer*, 84 F.3d 1549, 1559 (9th Cir. 1996). But Martines' vague and generic testimony about the principles of his faith—together with the fact that Martines did not tell his probation officer in 2006 that he was a Rastafarian, even though he was held to have violated the terms of his supervised release by using marijuana—could support a rational jury determination that Martines' Rastafarian beliefs were not in fact sincerely held. *See Zimmerman*, 514 F.3d at 853

3

(explaining that a claimant "may only invoke RFRA if his beliefs are both sincerely held and rooted in religious belief" (internal quotation marks omitted)). With respect to the charge of conspiracy to possess with intent to distribute, a rational juror could have believed the statement of Officer Hanawahine, who testified that, in his experience, possessing more than 100 marijuana plants is not consistent with growing marijuana solely for personal use.

**AFFIRMED.**