**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JAMES MERRICK, | No. 15-15338 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01094-SPL-BSB |
| v. | |
| INMATE LEGAL SERVICES; CAROL LILLIE, Badge A1766; A. MEYER, Badge B1300; J. BAUMANN, Badge A1320; HARMON; ROGERS, Badge A7913; J. WADE, Badge A7644; GARCIA, Badge A4226; O'NEAL, Administrative Law Judge, Badge A4127; JOSEPH M. ARPAIO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 2, 2016
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GRABER and BERZON, Circuit Judges, and CURIEL,[**] District Judge.

1. The district court improperly entered summary judgment for defendant Carol Lillie as to plaintiff Anthony Merrick's court-access claim.

a. The court first concluded that Merrick had not shown that he suffered an "actual injury" as a result of Lillie's actions. *See Lewis v. Casey*, 518 U.S. 343, 349–53 & n.3 (1996). But Merrick showed that Lillie impeded his ability to file his motion for reconsideration. *See, e.g.*, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (explaining that a jail-imposed impediment to meeting a filing deadline or presenting a claim suffices to show actual injury); *Cohen v. Longshore*, 621 F.3d 1311, 1317–18 (10th Cir. 2010) (same). Neither the district court nor Lillie has offered any support for the proposition that Merrick had an obligation to attempt by other means to have his motion filed. Even if such a showing were required, Merrick undertook a number of actions to attempt to remedy Lillie's error: filing a grievance and dutifully following up on it to ensure its resolution; contacting his attorney regarding the issue; and writing a letter to the Arizona Court of Appeals, with whom he sought to file the motion. In addition, no one questions that Merrick exhausted his claim, and the record supports his

---

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

2

explanation that at the time he filed his grievance he believed it would be too late to file the motion for reconsideration by the time the grievance was resolved. Merrick diligently asserted his right to court access.

b. That Merrick's claim was nonfrivolous also indicates that he suffered an actual injury. *See Lewis*, 518 U.S. at 353 n.3. Although the district court ruled that Merrick's motion for reconsideration was frivolous because it did not identify new facts or law, such a showing is not required under Arizona law. *See* Ariz. R. Crim. Proc. 31.18(d). Instead, Rule 31.18(d) permits the filing of a motion for reconsideration to point out errors of fact in the Arizona court's decision, or errors of law that were not fully briefed before the case was decided. *See id.* & cmts. Merrick's motion identified at least two potentially material errors—one legal and one factual—in the Arizona Court of Appeals' decision. Merrick has therefore satisfied the requirement that his motion be nonfrivolous.

c. A trier of fact also could have concluded that Lillie acted with the mental state required to make out a court-access claim. While it is questionable that such a claim can be premised on garden-variety negligence, *see Daniels v. Williams*, 474 U.S. 327, 333, 334 n.3 (1986), the facts here, construed in Merrick's favor, tend to show that Lillie acted with a mental state considerably more culpable than simple negligence.

Merrick's motion was stamped "PRO PER" and he asserted many times in his request for filing that his motion was pro se. He also wrote that his advisory counsel "was" Tyrone Mitchell, indicating that Mitchell no longer represented him. Even if it was confusing that Merrick wrote "is/was," the fact that Mitchell was *advisory* counsel should have alerted Lillie, who had a decade of experience, that Merrick was acting pro se. The term "advisory counsel" is not used to describe regular representations. In addition, Lillie knew that Merrick had been permitted to file a supplemental pro se brief on appeal and that he had done so, so it was likely that a motion for reconsideration was permissibly pro se. When Merrick filed a grievance explaining that he was indeed pro se, Lillie still did not correct her error. Nor did she transmit Merrick's letter to the Arizona court explaining that Inmate Legal Services was not letting him file the motion.

Later, Lillie explained that she thought she *had* corrected her error, because she believed the motion for reconsideration and the petition for review, which she filed, were the same thing. But in her role as supervisor, with ten years of experience in Inmate Legal Services, Lillie should have been aware that the motion and the petition were different. Also, Lillie understood that Merrick was acting pro se after reading the Arizona Court of Appeals' decision attached to Merrick's petition for review, which she did before the motion for reconsideration was due.

4

That same decision permitted Merrick to file a pro se motion for reconsideration. Then, after the time for filing the motion had passed and the petition for review was filed, Lillie continued repeatedly to reject Merrick's grievance until finally, when interviewed by the external referee, she admitted her error. This showing of Lillie's mental state was sufficient at the summary judgment stage.

Accordingly, the summary judgment entered in Lillie's favor is reversed and Merrick's court-access claim is remanded for further proceedings.

2. The district court erroneously screened Merrick's free exercise of religion claims, brought under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and Arizona's parallel free exercise statute, Ariz. Rev. Stat. § 41-1493 *et seq.*[1] *See* 28 U.S.C. § 1915A. Although the sincerity of Merrick's religious belief is certainly highly questionable, the court should not have premised its preliminary screening of the complaint on a factual determination contrary to the complaint's allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *United States v. Zimmerman*, 514 F.3d 851, 854 (9th Cir. 2007) (per curiam).

---

[1]For the purposes of this disposition, the religious exercise analysis is materially the same under both RLUIPA and Arizona law. *See State v. Hardesty*, 214 P.3d 1004, 1007 (Ariz. 2009); *compare* 42 U.S.C. § 2000cc-1(a), *with* Ariz. Rev. Stat. § 41-1493.01(B), (C).

Merrick adequately pleaded that the jail's practice of not allowing him to confess to clergy of his faith by way of unmonitored, unrecorded phone calls substantially burdened his religious exercise. *See* 42 U.S.C. § 2000cc-1(a); Ariz. Rev. Stat. § 41-1493.01(B). He expressly pleaded that his religion required unmonitored, unrecorded confessions with his own clergy and that the jail's policy prevented this practice. That alternative forms of confession were available is not dispositive of the analysis. Under RLUIPA, the question is "whether the government has substantially burdened religious exercise . . ., not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015).

Finally, because Merrick's religious exercise claims were dismissed at screening, before the defendants responded to the complaint, the court did not evaluate whether the jail's restriction was the least restrictive means to further a compelling governmental interest. *See* 42 U.S.C. § 2000cc-1(a); Ariz. Rev. Stat. § 41-1493.01(C).

Accordingly, we reverse the district court's screening dismissal of the free exercise claims and remand for further proceedings.

3. The district court never directly addressed Merrick's Establishment Clause claim. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114,

6

1125 (9th Cir. 2013) ("The Establishment Clause . . . states that 'Congress shall make no law respecting an establishment of religion.'" (quoting U.S. Const. amend. I)).  Instead, it dismissed the claim with Merrick's free exercise claims. Because the analyses for the two different types of claims are distinct, *compare Turner v. Safley*, 482 U.S. 78, 89 (1987), *with* 42 U.S.C. § 2000cc-1(a), and Ariz. Rev. Stat. § 41-1493.01(B), (C), and the district court should have an opportunity to apply the proper standard, we remand to the district court for a ruling on the Establishment Clause claim in the first instance.

**REVERSED AND REMANDED.**