NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANTHONY JAMES MERRICK, III, *Plaintiff/Appellant,*

*v.*

CHARLES L. RYAN, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0080
FILED 10-29-2019

Appeal from the Superior Court in Maricopa County
No.  LC 2018-000250-001
The Honorable David J. Palmer, Judge

**AFFIRMED**

APPEARANCES

Anthony James Merrick, III, Florence
*Appellant*

Arizona Attorney General's Office, Phoenix
By Daniel P. Schaack
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1        Anthony Merrick, III, appeals the superior court's orders denying the relief Merrick sought in his special action petition and denying his motion for reconsideration.  For the following reasons, we affirm.

## BACKGROUND

¶2        This is at least the sixth lawsuit Merrick has filed asserting religious claims since he was first incarcerated in the Arizona Department of Corrections ("ADC") in 1994.[1]  Under Department Order 904, inmates in ADC facilities are permitted to practice their religion of choice so long as practices do not conflict with prison operations.  To receive religious accommodations, inmates must first designate their religious preferences.  The ADC then vets the accommodations request before approving it.

¶3        In 1994, Merrick designated his religious preference as the Freedom Church of Revelation ("FCR").  Soon thereafter, he sued ADC employees in federal district court, alleging they violated his religious freedoms.[2]  The district court ultimately ruled against Merrick, finding that his alleged religious beliefs were not sincerely held and that the church he claimed to belong to was a "sham."  The Ninth Circuit summarily affirmed.

¶4        Merrick was released in 2006 but incarcerated again in 2011, at which time he attempted to change his religious preference to the Fundamental American Christian Temple ("FACT").  After filing several

---

[1]        *See Luckette v. Lewis*, 883 F. Supp. 471, 474 (D. Ariz. 1995); *Merrick v. Ryan*, 1 CA-CV 14-0639, 2015 WL 5657296 (Ariz. App. Sept. 24, 2015) (mem. decision); *Merrick v. Inmate Legal Services,* No. 13-CV-01094-SPL-BSB, 650 Fed. Appx. 333, 336 (9th Cir. May 16, 2016); *Merrick v. Arpaio,* No. 14-CV-01033-RCBBSB; *Merrick v. Ryan*, No. CV-15-00820-PHX-SPL (BSB).

[2]        At the time, Merrick went by the name Paul Luckette.

intervening actions, Merrick sued the Director of the ADC, the Administrator of Pastoral Activities, and the Senior Chaplain (collectively "Appellees") in the district court in 2015, alleging they violated ADC policy by refusing him various religious accommodations. The ADC explained that it denied the requested accommodations because it was unable to verify the authenticity of the FACT and concluded that Merrick was again trying to designate a sham church as his religious preference, but this time under a different name. The court entered summary judgment against Merrick, concluding that his beliefs were insincere. It noted that Merrick's repeated refusal to provide credible evidence that his beliefs were sincere, including providing at least four different addresses for the FACT, two of which belonged to his mother and brother, was strong evidence that his claims were fraudulent and that his beliefs were not sincerely held. The Ninth Circuit affirmed.

¶5            In 2018, Merrick brought another action against the ADC. Instead of alleging that he was improperly denied religious accommodations or privileges, his special action petition sought an order requiring the ADC to change his religious preference to the FACT. The ADC filed a motion to dismiss, arguing that (1) claim preclusion bars Merrick's special action because his claims are identical to past claims, and (2) even if they are not precluded, Merrick's claims fail on the merits because his religious preference for the FACT is a sham and his beliefs are insincere.

¶6            The superior court accepted special action jurisdiction but denied relief. Merrick filed a motion for a new trial, which the court treated as a motion for reconsideration. After the court denied Merrick's motion, he filed a notice of appeal from the denial of his special action petition and the denial of his motion for reconsideration. Because the order denying Merrick's motion for reconsideration was unsigned, we stayed the appeal to allow the superior court to enter an appealable order, which it did.

**DISCUSSION**

¶7            To prevail on claims raised in a special action complaint, a plaintiff must demonstrate: (1) "the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion"; (2) "the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority"; or (3) a "determination was arbitrary and capricious or an abuse of discretion." Ariz. R.P. Spec. Act. 3. Because the superior court accepted jurisdiction, we review the decision on the merits to determine whether the

court abused its discretion. *Hamilton v. Mun. Court of City of Mesa*, 163 Ariz. 374, 377 (App. 1989).

**¶8** Merrick argues the superior court erred by (1) ruling his claims were barred by claim preclusion because his 2018 claim was different than his 2015 claim, and (2) finding his special action petition lacked facial merit based on erroneous facts and law.

**¶9** "Federal law dictates the preclusive effect of a federal judgment." *In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶13 (2006). Claim preclusion applies when the previous suit "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotations omitted).

**¶10** To determine whether two claims are the same, we consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (citation omitted). The fourth factor is the most important. *Id.*; *Mpoyo*, 430 F.3d at 988 (explaining that the common-nucleus criterion (1) assures that the two suits involve the same claim or cause of action and (2) it is often held to outcome determinative). We apply the "transaction test to determine whether the two suits share a common nucleus of operative fact." *Mpoyo*, 430 F.3d at 987. Whether the events underlying two separate lawsuits are "part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (citation omitted).

**¶11** "[D]ifferences in the specific legal theory pled in the subsequent suit are irrelevant so long as the claim could have been raised in the prior action." *Howell v. Hodap*, 221 Ariz. 543, 547, ¶20 (Ariz. App. 2009) (quotations omitted). "[Claim preclusion] bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was

resolved on the merits." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Id.* A summary-judgment dismissal is a decision on the merits for the purposes of claim preclusion. *Mpoyo*, 430 F.3d at 988.

¶12 Merrick sued the Director of the ADC, the Administrator of Pastoral Activities, and the Senior Chaplain—the same parties he sued in 2015. And the decision in the 2015 case was on the merits because the court granted summary judgment to the Appellees. The pertinent issues before us are whether the 2015 and 2018 cases involve the same claims, and whether Merrick could have brought his claims in the prior action.

¶13 The 2018 case involves the same claims as the 2015 case because the claims arise out of the same set of facts. In the previous suit, Merrick alleged that the Appellees denied him various religious accommodations. Here, Merrick alleges that Appellees refuse to change his religious designation to the same religion for which he previously sought accommodations. Merrick contends that the claims are different because in the previous suit he was seeking accommodations to practice his religion, whereas here he is simply seeking its recognition. However, recognition of the FACT as Merrick's religious preference was necessarily at issue in the 2015 case because, under ADC policy, Merrick was required to register the FACT as his religious preference in order to obtain the accommodations he was asking for. Moreover, the federal district court issued a detailed order where the legitimacy of the FACT and the sincerity of Merrick's belief in it were the central issues. The two suits share a common nucleus of operative fact. As the superior court found, Merrick's claims here are "merely a different bite at the same apple." Finally, the questions of whether Merrick could designate the FACT as his religious preference and whether he was entitled to seek accommodations for that religion could be conveniently tried together, and Merrick could have raised both questions in the previous suit.

¶14 The superior court did not err in finding that Merrick's claims are barred by claim preclusion. Accordingly, we do not address the court's determination that Merrick's special action petition lacks merit on its face.

**CONCLUSION**

¶15          We affirm the superior court's orders dismissing Merrick's special action petition and denying his motion for reconsideration.

